IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TOVIA LAFAELE,

        Plaintiff,                No. CIV S-04-0385 DFL KJM P

   vs.

P. LARGENT,

        Defendant.             FINDINGS & RECOMMENDATIONS

                            /

       Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendant's January 20, 2005 motion to dismiss is before the court.

I. Motion To Dismiss Standard

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question,[1] Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

---

[1] Plaintiff submitted his own affidavits with his opposition to defendant's motion to dismiss. To the extent the affidavits contain information not found in plaintiff's complaint or the attachments to plaintiff's complaint, the affidavits have not been considered. See Fed. R. Civ. P. 12(b).

1

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

II. Plaintiff's Allegations

Plaintiff alleges as follows in his complaint, filed February 24, 2004: During the relevant period of time, petitioner was housed at California State Prison Solano (CSPS). Defendant worked at CSPS as a correctional officer. Compl. at 2. In February of 2003, plaintiff handed defendant a grievance for informal level response. On May 6, 2003, defendant allegedly issued plaintiff a disciplinary "chrono" for filing the grievance. Id. Without objection from plaintiff, this court has construed plaintiff's claims against defendant as stating a violation of plaintiff's First Amendment rights based on retaliation against plaintiff for filing a grievance.[2] Plaintiff asks that the disciplinary "chrono" be expunged from his prison records and that he be awarded monetary damages. Id. at 4-5.

III. Defendant's Argument And Analysis

Defendant asserts plaintiff has failed to state a claim upon which relief can be granted, and, under the facts presented, defendant is immune from suit.

A. Failure To State A Claim

Prison officials generally may not retaliate against inmates for exercising their

---

[2] On November 2, 2004, the court issued a screening order under 28 U.S.C. § 1915(A)(a). The court found that plaintiff's complaint did not state a claim for violation of the Eighth Amendment as suggested by plaintiff in his complaint. In his opposition to defendant's motion to dismiss, plaintiff asks that the court reconsider this ruling, without requesting reconsideration of the order to serve the First Amendment claim. The court declines plaintiff's request as it is improper to embed motions within pleadings filed for other purposes and the request for reconsideration is untimely. See Local Rule 72-303(b).

1  First Amendment rights. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 531 (9th Cir. 1985). Because a
2  prisoner's First Amendment rights are necessarily curtailed, however, a successful retaliation
3  claim requires a finding that "the prison authorities' retaliatory action did not advance legitimate
4  goals of the correctional institution or was not tailored narrowly enough to achieve such goals."
5  <u>Id</u>. at 532. The plaintiff bears the burden of pleading and proving the absence of legitimate
6  correctional goals for the conduct of which he complains. <u>Pratt v. Rowland</u>, 65 F.3d 802, 806
7  (9th Cir. 1995).

Plaintiff has not met his burden of pleading the absence of legitimate correctional goals with respect to defendant's conduct. Plaintiff alleges defendant was motivated to reprimand plaintiff because of a grievance plaintiff filed. But plaintiff does not present any facts suggesting the "chrono" issued to plaintiff by defendant was not in furtherance of correctional goals. The "chrono" is attached to plaintiff's complaint as "Exhibit A." In the "chrono" defendant indicates he is warning plaintiff not to seek law library access in excess of that allotted to inmates with plaintiff's classification. Defendant indicates he has had previous discussions with plaintiff regarding law library access. The undersigned reads the "chrono" as defendant's warning to plaintiff to stop seeking special treatment with respect to law library access. Nothing in the record before the court suggests this is not a legitimate warning. Plaintiff's complaint fails to state a claim upon which relief can be granted and should be dismissed.

B. <u>Qualified Immunity</u>

Based on the foregoing, the court need not reach defendant's qualified immunity argument.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's January 20, 2005 motion to dismiss be granted; and

2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2005.

UNITED STATES MAGISTRATE JUDGE

1
lafa0385.57